Price, J.
While the main question of law involved in common to both cases, we deem it best to state their facts separately.
The first case grows out of an action commenced in the court of common pleas of Franklin county, by the defendant in error, Fergus, against the plaintiff in error, McClure. Fergus sued as ad7 ministrator of the estate of Fannie J. Hanna, deceased, and his cause of action was against McClure as executor of the will and trustee of Moses Hanna.
In the second amended petition Fergus alleged that his decedent and Moses Hanna intermarried in the year 1869, and that the estate of said Moses Hanna consisted of personal property and certain described real estate; that said Fannie J. Hanna was adjudged insane on the 9th day of June, 1897, and that she remained insane until her death in 1904; that in April, 1872, her husband, with her money purchased the real estate described in the petition, but took the title thereto in his own name, and thereafter refused to recognize the rights of *322 said wife. The prayer of the petition was for an accounting for the money so invested in the land, as between the executor of the will, of Moses Hanna and the said administrator of Fannie J. Hanna, the wife.
The said executor answered, and admitted the alleged marriage and the subsequent insanity and death of the wife, and the purchase of. the real estate, but denied the other averments of the petition.
A second defense pleads facts to operate as a bar to- the prosecution of the action.
The case was tried to the court, who found in favor of the plaintiff, Fergus; that the'executor of the husband, Moses Hanna, should account for the sum of $2,350, also for rents collected by the husband, and these sums were declared a lien on said real estate and other equitable relief was granted.
This trial was had about December 22, 1908, and McClure, as executor of Moses Hanna, desiring to appeal from the decree to the circuit court, the following entry was placed on the journal of the court on the 24th-day of December, 1908:
“It appearing to the court that written notice has been given according to law by William T. McClure, trustee, etc., defendant in the above entitled cause, of his intention to appeal from the decision of this court to the circuit -court of Franklin county, Ohio, and that the. defendant has given bond in the probate court of Franklin county, as trustee of the estate of Moses Hanna, deceased; it is- therefore ordered by the court that no appeal bond be required of the said defendant.”
*323 On the 11th day of February, 1909, the clerk-transmitted transcript of docket and journal entries and original papers to the circuit court.
On February 15, 1909, the appellee (Fergus) filed the following motion: “Now comes the plaintiff and moves the court to dismiss this cause on appeal for the reasons: First. The appellant, defendant below, did not give written notice of his intention to appeal said cause as is required -by law. Second. Said appeal has not been perfected as required by law.”
This motion was heard in the circuit court, and it decided that the second ground of the motion was not well taken, but sustained the motion on the first ground — that appellant did not give written notice of his intention to appeal said cause as is required by law. Having so found, the appeal was dismissed. The decision sustaining said first ground of the motion is brought here for review.
From the character of the briefs, we are of opinion that the lower court confused several provisions of the statute respecting appeals, and in passing from one provision to another, came to a conclusion which would render the practice uncertain to a very embarrassing degree.
The appeal was taken from a decree made in December, 1908, and no question is or can be made that a right of appeal existed, if properly exercised. The action was equitable in character and- was triable by the court. This right of appeal is given by Section 5226, Revised Statutes, which has been in force ■ for many years. Section 5227 has not been so fortunate, and has suffered several *324 alterations, but when the appeal in question was attempted, it read as follows: “A party desiring to appeal his cause to the circuit court shall, within thirty days after the judgment or order is entered on the journal of the court, give an undertaking with sufficient surety to be approved by the clerk of the court or a judge thereof as hereinafter provided, and in such amount as is required or fixed by the provisions of Section 5230, Revised Statutes of Ohio.'”
Section 5228, Revised Statutes, provides that, “a party in any trust capacity, or a county treasurer in his official capacity, who has given bond in this state with sureties according to law, shall not be required to give bond and security to perfect an appeal * * * .” The balance of the section prescribes the duty of the clerk of the court, to make transcript and transmit the same with the pleadings and other papers to the circuit court.
The above sections as quoted were in operation when the appeal was taken in the present case, and McClure as executor having appealed in his trust capacity, of which there is no doubt, was not required to give bond, and to perfect the appeal it remained for the clerk to make and transmit a transcript and original papers, which was done to the satisfaction of the circuit court.
Therefore we have a plain and simple method of appeal from the common pleas to the circuit court, which has been followed in this case. The common pleas, for some reason, went beyond the requirement of Section 5227, supra, and stated in the journal entry that it appeared “that written notice has been given according to law by William *325 T. McClure, trustee, * * * of his intention to appeal from the decision of this court,” etc.' No such notice was required by Section 5227 as it was in force at the time appeal was attempted,-and that part of the entry was superfluous.
A quotation is made from the opinion of the circuit court which indicates that it was of opinion, that, as Section 5227 did not require notice where appeal was desired by one acting in a trust capacity, some other statute should come to the rescue as to giving notice, and Section 6408, Revised Statutes, was selected for that purpose. • This section is one of'the general provisions regulating probate practice, and. when read in connection with the preceding section, contains no provision intended to modify or control Sections 5227 and 5228. This seems to be the view entertained in Layer, Guardian, v. Schaber, Admr., 57 Ohio St., 234. At the time the appeal was taken in that case, Section 5227 required notice of an intention to appeal to be entered on the records within three days after the judgment or order is entered on the journal. Such notice was not required in the instant case, but this court in above report decided that “appeals from the court of common pleas 'to the circuit court are to be taken as provided for in Sections 5227 and 5228, Revised Statutes, as to notice of appeal and not as provided in Section 6408 of said statutes.”
Browne, Assignee, v. Wallace, 66 Ohio St., 57, has been cited to sustain the judgment of dismissal, but the syllabus must be read with the facts in view. It was a case beginning in the insolvency court of Hamilton county, and there *326 fore an appeal from its Judgment would be governed by Section 6408, Revised Statutes, and the doctrine of the syllabus relates to cases in which an appeal is desired from the probate or insolvency court to the court of common ■ pleas. In the body of the opinion it is said: “This section does not provide that the notice may be entered in the first instance in the records, as in appeals from the court of common pleas to the circuit court. Revised Statutes 5227.”
Having a plain road for appeal from the court of common pleas to the circuit court provided by Sections 5227 and 5228, Revised Statutes, there is no. reason for complicating the remedy by adopting Section 6408, and laboring to utilize all ■ of them under a pretext of harmonizing their various provisions.
•The circuit court erred in dismissing the appeal for which error its judgment is reversed and the cause is remanded to the circuit court for further proceedings according to law.

Judgment reversed.

The record in the second case discloses that Billingsley, as guardian of Edward Alexander, a weak-minded and improvident person, commenced an action in the court of common pleas of Darke county, in March, 1909, against defendant in error, in which the guardian prayed for the rescission and cancellation of a certain deed previously *327 executed and delivered by the ward to the defendant in error. This petition was amended in May of the same year. On issues joined, the case was tried before the court of common pleas and the court found against the plaintiff and dismissed his petition. Following the judgment and as part of the entry, is the following: “And now comes the. plaintiff and gives notice of his intention as such guardian to appeal this cause to the circuit court of Darke county, Ohio, and the said T. A. Billingsley having as such guardian given bond in this state according to law, and that this appeal is in the interest of the trust, no appeal bond is required.” Transcript and original papers were duiy filed in the appellate court. At the time this appeal was attempted, Sections 5227 and 5228 were worded as quoted .in the opinion in the .preceding case, and as now found in the Revised Statutes. No notice of an intention to appeal was required by either section. The action was of an equitable character, and no doubt is expressed by counsel about it being an appealable case.
, But the circuit court and counsel for defendant in error became possessed of the view, that as Section 5227, as it then stood, did not require notice of intention to appeal to be given, it was proper practice ;to find some other section of the statute which did require notice of such intention to be given, and the' search resulted in adopting Section 6408, Revised Statutes, and on motion for that purpose, the circuit court dismissed the appeal.
What we have said in the preceding case controls the disposition of this proceeding, and need not be repeated here.
*328 The circuit court erred in dismissing the appeal and its judgment is reversed and the cause is remanded for further proceedings according to law.

Judgment reversed.

Spear, C. J., Davis, Shauck, Johnson and Donahue, JJ., concur.